IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MONZELLE L. STEPTOE | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv527 |
| TAMMY BOEN, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Monzelle L. Steptoe, an inmate confined at the Smith Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that defendants Tammy Boen, a librarian and notary, and Latrista C. Brown, the Unit Grievance Investigator, denied him a full and fair opportunity to litigate a legal claim and prevented him from receiving adequate redress. Both defendants are employed at the Smith Unit located in Lamesa, Texas, where plaintiff is currently confined.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Smith Unit of the Texas Department of Criminal Justice located in Lamesa, Dawson County, Texas. Additionally, the defendants are employed at the Smith Unit. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Dawson County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Dawson County is located in the Lubbock Division of the United States District Court for the Northern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This action should be transferred to the Northern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 5th day of January, 2025.

_____
Zack Hawthorn
United States Magistrate Judge